

**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

**ACE MOTORS INC,**
**an Illinois corporation,**
**Plaintiff,**

**vs.**

**TOTAL TRANSPORT INC,**
**an Illinois corporation,**
**Defendant,**

**and**

**ERIC R. DUGHETTI,**
**Individual Defendant,**

**and**

**HANI ELAYYAN,**
**Individual Defendant,**

**and**

**YOUSEF M. ABUALROB,**
**Individual Defendant.**

**Case No.** ___________

KC FILED
MAR 17 2008
Mar 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CV1552
JUDGE MAROVICH
MAGISTRATE JUDGE SCHENKIER

**JURY DEMAND ON ALL COUNTS**

**COMPLAINT AT LAW PURSUANT TO THE CARAMACK AMENDMENT, 49 U.S.C. § 11707 and § 14706**

**NOW COMES** the above-named Plaintiff, **ACE MOTORS INC**, by Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC, and as its Complaint at Law for actual, general, special, statutory, incidental and consequential damages pursuant to the Carmack Amendment, 49 U.S.C. § 11707 and 49 U.S.C. § 14706 against all the above-named defendants **TOTAL TRANSPORT INC**; and **YOUSEF M. ABUALROB** in his individual capacity, and **ERIC R. DUGHETTI** in his individual capacity, and **HANI ELAYYAN** in his individual capacity, and jointly and severally, alleges as follows:

A. JURISDICTION:

1. That this action arises under the Carmack Amendment, 49 U.S.C. § 11707 and 49 U.S.C. § 14706. The plaintiff seek, among other relief, to recover actual, general, special, incidental and consequential damages $202,420.00 from all the above-named defendants for property damage, delay, loss of time and business opportunity, loss of business and injury to shipments of nine (9) vehicles. Pursuant to the Caramack Amendment, 49 U.S.C. § 11706 and 49 U.S.C. § 11707 the above-named Plaintiff seeks to recover all legally cognizable damages, sustained as a direct and proximate cause of the defendants' wrongful conduct, the costs of this suit, interest, and reasonable attorneys' fees.

2. That the United States District Court for the Northern District of Illinois has jurisdiction over the cause of action set forth in this complaint under and pursuant to 28 U.S.C.A. §1331 and pursuant to 28 U.S.C. § 1337.

3. That all the above-named defendants, and each of them, either are incorporated or are doing business within the State of Illinois.

4. That the matter in controversy exceeds $10,000, exclusive of interest and costs, in that the plaintiff alleges actual, general, special, incidental and consequential damages in the amount of $202,420.00, or alternatively, the damages to be proven at trial.

5. That the court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and the doctrine of pendent jurisdiction.

B. PARTIES:

6. That at all times material hereto and is now the above-named plaintiff ACE MOTORS INC was a corporation organized and existing under the laws of the State

of Illinois with principal place of business is located at: ACE Motors Inc. 1580 South Milwaukee Avenue, Libertyville, Illinois 60048.

7. That the Plaintiff is wholesaler exporter of automotive vehicles overseas.

8. That the above-named defendant TOTAL TRANSPORT INC is believed to be a motor carrier as defined in 49 U.S.C.A. § 13102, and a corporation organized and existing under the laws of State of Illinois, engaging in freight forwarding and motor carrier business with principal place of business at: 18160 Goesel Drive, Tinley Park, Illinois 60477.

9. That the individual defendant HANI ELAYYAN believed to be incorporator, shareholder and director of Total Transport Inc currently residing at: 18160 Goesel Drive, Tinley Park, Illinois, 60477. At all times material hereto the individual defendant was and still is personally engaged in the freight forwarding and motor carrier business by operating and managing Total Transport Inc.

10. That, upon information and belief, the above-named individual defendant ERIC R. DUGHETTI is believed to be owner of International Tractor 94, VIN I HSHNA5R9RH540860, which was leased by him to Total Transport Inc.

11. That, upon information and belief, the above-named individual defendant ERIC R. DUGHETTI is believed to be incorporator, shareholder, director and manager of Total Transport Inc.

12. That, at all times material hereto, the individual defendant ERIC R. DUGHETTI was and still is personally engaged in the freight forwarding and motor carrier business by operating and managing Total Transport Inc or alternatively by

leasing his truck to Total Transport Inc to enable and to facilitate operations of Total Transport Inc.

13. That, upon information and belief, the above-named defendant ERIC R. DUGHETTI is adult resident of the State of Illinois, residing at: 16355 South 78th Avenue, Tinley Park, Illinois 60477.

14. That, upon information and belief, the above-named defendant **YOUSEF M. ABUALROB** is an adult resident of the Sate of Illinois, currently residing at: 15701 South Peggy Ln. #5, Oak Forrest, Illinois 60452, 708-620-9749.

15. That on or about 1-29-08 at 5:05 PM the above-named defendant **YOUSEF M. ABUALROB** was negligently operating International Tractor 94, VIN I HSHNA5R9RH540860.

16. That such negligent operating of the above-referenced truck by the above-named defendant **YOUSEF M. ABUALROB** resulted in striking municipal bridge and causing the automotive crash as reflected by the police report No. 8403203, the true and correct copy of which is appended herewith marked as Exhibit A, incorporated by reference and made a part of this entire complaint.

C. STATEMENT OF CLAIM

17. That Plaintiff repeats, re-alleges, and adopts §§ 1-16 of preceding sections of this entire Complaint including but not limited to Jurisdiction Section and Parties Section as set forth fully herein and incorporates them by reference:

18. That prior to January 28, 2008 the above-named Plaintiff has retained the above-named defendant TOTAL TRANSPORT INC for a purpose of international

transportation of nine (9) vehicles to be shipped from Chicago, Illinois to their overseas purchasers.

19. That on January 29, 2008 the above-named defendants pick up nine vehicles at the plaintiff's place of business and load them on the truck.

20. That true and correct copy of shipping invoice is appended herewith marked as Exhibit B, incorporated by reference and made a part of this entire complaint.

21. That at this time the above-named defendants failed to issues bills of lading but promised to fax those bills of lading to the plaintiff's office on the following date of 1-30-08.

22. That on the same date of January 29, 2008 the above-identified International Tractor 94, belonging to Eric Dughetti and leased by him to the Total Transport, was involved in automotive crash during which the three (3) vehicles were destroyed and remaining six (6) vehicles were severely damaged.

23. That at this time on January 29, 2008 said truck was driven by defendant's employee, Yousef M. Abualrob.

24. That, upon information and belief, the above-named defendant Eric R. Dughetti was also present at the time of loading and securing of nine (9) vehicles and thereafter at the time of crash.

25. That, upon information and belief, the above-named defendant Eric R. Dughetti was responsible for proper securing of nine vehicles to be carried by this truck.

26. That, upon information and belief, said automotive crash resulted due to negligence on the part of the above-named defendants Yousef M. Abualrob and Eric R. Dughetti.

27. That, upon information and belief, the above-named defendant driver of the above-identified truck Yousef M. Abualrob, was inexperienced in transportation of automotive load of vehicles and was otherwise impurely trained and supervised.

28. That upon information and belief, the above-named driver Yousef M. Abualrob was not listed as scheduled driver on the insurance policy maintained by the defendants with American Services Insurance.

29. That, upon information and belief, the above-named driver Yousef M. Abualrob is a relative of the above-named defendant Hani Elayyan.

30. That upon information and belief, the above-named defendant Eric R. Dughetti, was supposed to act as a second driver of the above-identified truck.

31. That upon information and belief, the above-named defendant Eric R. Dughetti was inexperienced in transportation and securing of automotive cargo.

32. That the above-named Defendant Yousef M. Abualrob received a traffic citation No. 125682 issued by Illinois State Police on 1-29-08.

33. That subsequently the above-identified vehicles together with defendant's truck were removed by Wildwood Services Inc, an Illinois towing company and were thereafter storied on the premises of this towing company.

34. That the above-named defendants refused to promptly pay storage fees.

35. That due to such refusal of the above-named defendants to pay towing and storage fees, immediately thereafter the above-named Plaintiff has made numerous attempts to pay reasonable storage fees to Wildwood Service Inc and to retrieve plaintiff's vehicles for prompt repairs and subsequent shipment to overseas purchasers.

36. That at all times material hereto the above-named defendants were on notice that delay in shipment of undamaged vehicles to their overseas purchasers subjects the above-named plaintiff to the breach of contract, lost of profits and lost of business opportunity.

37. That, at all times material hereto, the defendant's insurance company American Services Insurance was and still is investigating issue of coverage and refused to make any payments for storage and towing fees.

38. That at all times material hereto the defendant's insurance company American Services Insurance was put on notice that that delay in shipment of undamaged vehicles to their overseas purchasers subjects the above-named plaintiff to the breach of contract, lost of profits and lost of business opportunity.

39. That on February 26, 2008 the above-named Plaintiff was in process of tendering the towing and storage fees to Wildwood Services.

40. That this process was stopped by the phone call from the above-named defendant Eric R. Dughetti who has stated that he is "Eric Roberts, the owner of the truck." He further sated that he is "Florida now but will back to Gurne within the week and will tender towing and storage payment." On or about March 5, 2008 Dughetti-Roberts appeared at plaintiff's office and was provided a copies of titles and other shipping information. Thereafter, he disappeared with the above-identified paperwork. When contacted over a telephone- he said that he is not the owner of the truck and does not want anything to do with this problem.

41. That replying to plaintiffs' request for return of all shipping documents obtained under false pretence, Dughetti-Roberts stated that "his attorneys does not want to return those documents."

COUNT I

Cause of Action Pursuant to 49 U.S.C. § 11707 and 49 U.S.C.A. § 14706

As a separate cause of action against the above-named Defendants, jointly and severally, the above-named Plaintiff alleges as follows:

42. That Plaintiff repeats, re-alleges, and adopts §§ 1-41 of preceding sections of this entire Complaint including but not limited to Jurisdiction Section, Parties Section and Statement of Claims Section as set forth fully herein and incorporates them by reference:

43. That, on 1-29-08 the above-named Defendant TOTAL TRANSPORT INC accepted the custody and control of nine (9) vehicles from the above-named Plaintiff to be shipped in the course of international trade to their overseas purchases.

44. That on 1-29-2008 the transportation truck owned and operated by the above-named Plaintiff was involved in automotive crash.

45. That said crush is reflected by the police report No. 8403203, the true and correct copy of which is appended herewith marked as Exhibit A, incorporated by reference and made a part of this entire complaint.

46. That said automotive crash was directly and proximately caused by the negligence on the part of the above-named defendants, Total Transport Inc, Yousef M. Abualrob, Hani Elayyan and Eric R. Dughetti.

47. That the negligence on the part of the above-named driver Yousef M. Abualrob is evident by his conduct of colliding with and damaging of a road bridge as reflected by the police report No. 8403203, the true and correct copy of which is appended herewith marked as exhibit A, incorporated by reference and made a part of this entire complaint.

48. That the negligence on the part of the above-named driver Yousef M. Abualrob is evident by his failure to correctly estimate the speed of his truck, by failure to select a proper gear and by failing to clear a bridge with his cargo and by operating a track with cargo loaded above maximum allowed heights.

49. That as a direct and proximate colliding with and damaging of a road bridge as reflected by the police report No. 8403203, the cargo consisting of nine vehicles was damaged and partially destroyed.

50. That the negligence on behalf of the above-named defendants Total Transport Inc and its owners Hani Elayyan and Eric R. Dughetti is manifested by their failure to properly trained and supervised the above-named defendant Yousef M. Abualrob who was not properly qualified and trained to operate cargo truck.

51. That at all times material hereto all the above-named defendants violated routing instructions of the bills of lading.

52. That all those defendants are jointly, severally and individually liable to the above-named plaintiff for damages and destruction of his cargo and for failure to deliver nine vehicles in compliance with bills of lading.

**WHEREFORE, PLAINTIFF** demands judgment against all the above-named defendants, jointly and severally, in the amount of actual damages in the sum of $98,300;

as well as the sums of general damages in the sum of $18,120.00, as well as special damages in the sum of $29,000.00 and well as incidental and consequential damages in the sum of $ 57,000.00; as well as statutory damages in the sum to be determined at trial; the amount of reasonable and statutory attorneys fees to be awarded pursuant to 49 U.S.C.A. §11707(b); the amount of costs, expenses and disbursements of this action; as well as for any other and future relief the Court deems fit and proper.

COUNT II
CAUSE OF ACTION FOR NEGLIGENT RETAINING, TRAINING AND SUPERVISION

As a separate cause of action against the all above-named Defendants **TOTAL TRANSPORT INC, HANI ELAYYAN** and **ERIK R. DUGHETTI,** jointly and severally the above-named Plaintiff alleges as follows:

53. That Plaintiff repeats, re-alleges, and adopts §§ 1-52 of all sections of this entire Complaint including, but not limited to Jurisdiction Section, Parties Section and Statement of Claims Section; as well as §§ 42-52 of Count One as set forth fully herein and incorporates them by reference:

54. That, at all times material hereto, the above-named defendant motor carrier **TOTAL TRANSPORT INC** has a duty to provide proper and adequate training to its employee in order to avoid foreseeable risk of harm while transporting automotive cargo for hire.

55. That, at all times material hereto, the above-named defendant motor carrier **TOTAL TRANSPORT INC** has a duty to utilize services of only those drivers who were duly listed and schdulled on plaintiff's insurance policy.

56. That, at all times material hereto the corporate defendant **TOTAL TRANSPORT INC** owed the above-named Plaintiff the duty to supervise and properly trained its employees.

57. That, upon information and belief, the above-named defendant Yousef M. Abualrob is a relative of the above-named defendant HANI ELAYYAN and was used by the above-named defendant HANI ELAYYAN despite not being listed as scheduled driver on defendant's insurance policy.

58. That, upon information and belief, due to such family relationship the above-named defendant Yousef M. Abualrob was allowed by the above-named Defendant HANI ELAYYAN to operate the above-identified cargo truck and to transport plaintiff's vehicles.

59. That, upon information and belief, being unscheduled driver, the above-named defendant Yousef M. Abualrob was not supposed and was not qualified to operate large automotive cargo-transporting truck.

60. That, upon information and belief, the above-named defendant Eric R. Dughetti was not qualified to operate large cargo-transporting truck.

61. That by allowing unskilled, unlisted and improperly trained driver Yousef M. Abualrob to operate large automotive cargo truck without being properly licensed, listed, scheduled and trained to do so, the above-named defendants perpetrated tort of negligent training and supervision.

62. That the conduct of defendant's employees, who at all times material hereto were acting in the scope of their employment and for benefit of his

employer, was a direct cause of pecuniary detriment in the sum of $202,420.00 incurred by the Plaintiff.

63. That failure on the part of the corporate defendants to provide adequate training and supervision of its employee Yousef M. Abualrob was a proximate cause of the pecuniary detriment in the sum of $202,420.00 sustained by the above-named Plaintiff.

64. That, as a direct and proximate cause of the failure on the part of the above-named defendants to provide adequate training and supervision of its employees, who were not qualified to operate large cargo-transporting truck, the above-named Plaintiff was subjected to pecuniary damages in the sum exceeding $202,420.00.

65. That the above-identified tort is actionable and the Plaintiff has a cause of action to pursue.

66. That, as a direct and proximate cause of negligent hiring, retention and supervision by the above-named defendants of its unlisted, unlicensed and untrained employees, the above-named Plaintiff has incurred actual, general, special, incidental and consequential damages in the sum of $202,420.00, or alternatively in the sum to be determined at trial.

67. That, as a direct and proximate cause of wrongful conduct of the above-identified employees of the above-named Defendant, who at all times material hereto were acting in the scope of their employment and for the benefit of their employer **TOTAL TRANSPORT INC**, incurred actual, general, special, incidental and consequential damages in the sum of $202,420.00, or alternatively in the sum to be determined at trial.

**WHEREFORE, PLAINTIFF** demands judgment against all the above-named defendants, jointly and severally, in the amount of actual, general, special, incidental and consequential damages in the sum of $202,420.00 or alternatively in the sum to be determined at trial; the amount of reasonable attorneys fees pursuant to 49 U.S.C.A. §11707(b); the amount of costs, expenses and disbursements of this action; as well as for any other and future relief the Court deems fit and proper.

D.- DEMAND FOR RELIEF:

**WHEREFORE,** the above-named Plaintiff herein, in good faith, prays judgment on all counts of its complaint against all the above-named Defendants, jointly and severally, as follows:

1. For all counts and causes of action, the sum of special and consequential damages, including incidental damages, in an amount of $202,420.00 or alternatively in sum to be proven at trial for injury to its business and property, together with the costs of suit, including reasonable attorney fees, sustained by reason of defendants' failure to exercise due care, fraud, negligence and willful breach of transportation contract.

2. For all counts and causes of action, the sum of damages in an amount to be proven at trial exceeding for loss of profits in connection with lost or undelivered vehicles, together with the costs of suit, including reasonable attorney fees sustained by reason of fraudulent conduct perpetrated by the above-named defendants, as well as by their failure to exercise due care, negligence and breach of contract.

3. For all causes of action the sum of special damages in an amount to be proven at trial, which amount presently exceeds $57,000.00 for loss of profits sustained as a result of damage to plaintiff's business operations, together with the costs of suit,

including reasonable attorney fees sustained by reason of defendants' failure to exercise due care and negligence.

4. Award of reasonable attorneys fees pursuant to 49 U.S.C.A. §11707(b); and

5. Costs and disbursements of this action; and

6. Such other and further relief as the Court may deem just and proper.

**PLEASE TAKE NOTICE** that the Plaintiff demands a trial by jury on all counts.

Dated this Complaint on this 14th day of March 2008.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorney for Plaintiff

BY: ______________________
VLADIMIR M. GOROKHOVSKY, *LL.M.*
WIS. SBN: 1036040

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
6045 North Green Bay Avenue, Suite 2A
Glendale, WI 53209
Telephone: (414)-218-1870
gorlawoffice@yahoo.com

Printed by authority of the State of Illinois

# ILLINOIS TRAFFIC CRASH REPORT

Sheet 1 of 2 Sheets

*8403203*

| DRAC | PEDV | TRRD | TRRC | WEAT | DRVA | VIS | VEHD | LGHT | COLL | MANV | PPA | PPL | TRFW |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| U1 1 U2 | 1 | 1 | 1 | U1 16 U2 | U1 1 U2 | U1 14 U2 | 3 | 6 | U1 1 U2 | | | | 3 |

INVESTIGATING AGENCY: Gurnee
TYPE OF REPORT: ☒ ON SCENE ☐ NOT ON SCENE ☐ AMENDED
☐ A No Injury / Drive Away ☒ B Injury and / or Tow Due To Crash
AGENCY CRASH REPORT NO.: 08 3182

ADDRESS NO.: | HIGHWAY or STREET NAME: Rt 41 | City/Township: Gurnee | INTERSECTION RELATED ☐ Yes ☒ No | DATE OF CRASH: 1/29/08 | TIME: 5:05 ☐ AM ☒ PM | LARS CODE: | VEHT U1 7

☐ FT / MI N E S W ☒ AT INTERSECTION WITH: WASHINGTON (NAME OF INTERSECTION OR ROAD FEATURE)
COUNTY: LAKE | PRIVATE PROPERTY ☐ Yes ☒ No | HIT & RUN ☐ Yes ☒ No | ANY SINGLE VEHICLE/PROPERTY DAMAGED OVER $500 ☒ Yes ☐ No | NUMBER MOTOR VEHICLES INVOLVED: 1 | LARS CODE:

## UNIT 1

NAME (LAST, FIRST, M.I.) ☒ DRIVER ☐ PED ☐ PEDAL ☐ EQUINE ☐ NMV ☐ NCV: ABUALROB, YOUSEF M
DATE OF BIRTH: 3/29/83
STREET ADDRESS: 15701 S. Peggy LN #5 | SEX: M | SAFT: 2 | AIR: 3
CITY: OAK Forest | STATE: IL | ZIP: 60452 | INJURY: 0 | EJECT: 1
TELEPHONE: 7086209749 | DRIVER LICENSE NO.: A14697387090 | STATE: IL | CLASS: A
TAKEN TO: X | EMS AGENCY: X

MAKE: INTERNATIONAL | MODEL: TRACTOR | YEAR: 94
PLATE NO.: P637625 | STATE: IL | YEAR: 08
VIN: 1HSHXASR9RH540860
VEHICLE OWNER (LAST, FIRST M.I.): TOTAL TRANSPORT
OWNER ADDRESS (STREET, CITY, STATE, ZIP): 18160 GOESEL DR, Tinley PARK IL 60477
INSURANCE CO.: AMERICAN Service INS | POLICY NO.: 42897

CIRCLE NUMBER(S) FOR DAMAGED AREA(S): 00 - NONE; 10 - UNDER CARRIAGE; 11 - TOTAL (ALL AREAS); (12 - OTHER); 99 - UNKNOWN; POINT OF FIRST CONTACT
TOWED DUE TO CRASH: Y ☒ | FIRE: N ☒ | HAZMAT SPILL: | COM VEH: Y ☒ (*IF YES SEE SIDEBAR)

## UNIT 2

NAME (LAST, FIRST, M.I.) ☐ DRIVER ☐ PED ☐ PEDAL ☐ EQUINE ☐ NMV — X (not applicable)
DATE OF BIRTH: / / | SEX | SAFT | AIR | INJURY | EJECT | STATE | CLASS
STREET ADDRESS | CITY | STATE | ZIP | TELEPHONE | DRIVER LICENSE NO. | TAKEN TO | EMS AGENCY
MAKE | MODEL | YEAR | PLATE NO. | STATE | YEAR | VIN | VEHICLE OWNER (LAST, FIRST M.I.) | INSURANCE CO. | OWNER ADDRESS (STREET, CITY, STATE, ZIP) | TELEPHONE | POLICY NO. — X
CIRCLE NUMBER(S) FOR DAMAGED AREA(S): 00 - NONE; 10 - UNDER CARRIAGE; 11 - TOTAL (ALL AREAS); 12 - OTHER; 99 - UNKNOWN; POINT OF FIRST CONTACT
TOWED DUE TO CRASH ☐ ☐ | FIRE ☐ ☐ | HAZMAT SPILL ☐* ☐ | COM VEH ☐* ☐ (*IF YES SEE SIDEBAR)

Sidebar: NO. LANES 4 | ALGN 1 | RSUR 1 | VEHU 21 | U2 | RDEF 1 | BAC U1 96 | U2 | NO. OCCS U1 2 | U2 | DIRP U1 5 | U2

## PASSENGERS & WITNESSES ONLY (NAME) / (ADDRESS) / (TEL)

| UNIT | SEAT | DOB | SEX | SAFT | INJ | AIR | EJECT | NAME / ADDRESS | PHONE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 3 | 11/15/83 | M | 9 | 3 | 0 | 1 | DUGHETTI, Eric R, 16355 S. 78th Ave, Tinley Park IL 60477 | (708) 308-7087 |
| | | / / | | | | | | | |
| | | / / | | | | | | | |
| | | / / | | | | | | | |
| | | / / | | | | | | | |

| | EVENT | MOST | EVENT | LOC |
|---|---|---|---|---|
| UNIT 1 — 1 | ☒ | 28 | | 1 |
| UNIT 1 — 2 | ☐ | | | |
| UNIT 1 — 3 | ☐ | | | |
| UNIT 2 — 1 | ☐ | | | |
| UNIT 2 — 2 | ☐ | | | |
| UNIT 2 — 3 | ☐ | | | |

DAMAGED PROPERTY OWNER NAME: IDOT | DAMAGED PROPERTY: Bridge BEAMS
PROPERTY OWNER ADDRESS | CITY | STATE | ZIP
ARREST NAME: ABUALROB, Yousef M | SECTION: 625 5/15-103 | CITATION NO.: 125682
ARREST NAME | SECTION | CITATION NO.
OFFICER ID: 143 | SIGNATURE: [signature] | BEAT / DIST: 41/3 | SUPERVISOR: [signature]

CONTRIBUTORY CAUSE(S): PRIMARY 15 | SECONDARY 10
POSTED SPEED LIMIT: 55
DATE POLICE NOTIFIED: 1/29/08 | TIME NOTIFIED: 5:05 ☐ AM ☒ PM
COURT DATE: 3/13/08 | COURT TIME: 10:30 ☒ AM ☐ PM

*P1006*

SR 1050 510M (REPRINT 10/06)

REMEMBER TO USE BLACK INK, PRESS HARD, PRINT LEGIBLY AND COMPLETE ALL REQUIRED FIELDS!

EXHIBIT A
pp. 1-2

**8403203**

A **Diagram** and **Narrative** are required on all **Type B** crashes, **even if** units have been moved prior to the officer's arrival.

INDICATE NORTH BY ARROW

Ramp from Washington →

Rt 41

Washington St. Bridge

Not to scale

NARRATIVE (Refer to vehicle by Unit No.)

1 Unit one said he was W/B Washington and got onto the S/B Ramp to Rt 41. He estimated his speed was 20 MPH and that he was in 3rd gear. He thought he was going to be able to clear the [illegible] with the vehicles he was carrying.

See ICIS supplement for further information

LOCAL USE ONLY

U 1 Color: Orange — U __ Color: —

U 1 Towed by/To: Wildwood — U __ Towed by/To:

DRIVER #1: ☒ C ☐ AA ☐ NA/A ☐ H ☐ A/PI

DRIVER #2: N/A ☐ C ☐ AA ☐ NA/A ☐ H ☐ A/PI

## COMMERCIAL MOTOR VEHICLE (CMV)

IF MORE THAN ONE CMV IS INVOLVED, USE SR 1050A ADDITIONAL UNITS FORMS.

A CMV is defined as any motor vehicle used to transport passengers or property and:
1. Has a weight rating of more than 10,000 pounds (example: truck or truck/trailer combination); or
2. Is used or designed to transport more than 15 passengers, including the driver (example: shuttle or charter bus); or
3. Is designed to carry 15 or fewer passengers and operated by a contract carrier transporting employees in the course of their employment (example: employee transporter - usually a van-type vehicle or passenger car); or
4. Is used or designed to transport between 9 and 15 passengers, including the driver, for direct compensation beyond 75 air miles from the driver's work reporting location (example: large van used for specific purpose); or
5. Is any vehicle used to transport any hazardous material (HAZMAT) that requires placarding (example: placards will be displayed on the vehicle).

CARRIER NAME: Total Transport Inc

ADDRESS: 18160 Goebel Dr

CITY/STATE/ZIP: Tinley Park, IL 60477

USDOT NO. 1709774 ICC NO. 152185

Source of above info. ☒ Side of Truck ☒ Papers ☐ Driver ☐ Log Book

Gross Vehicle Weight Rating (GVWR): 80,000

Were HAZMAT placards displayed on the vehicle? ☐ Yes ☒ No

If yes, name as placard: [illegible]

4-digit UN no. ______ 1-digit Hazard Class no. ______

Did HAZMAT spill from the vehicle (do not consider fuel from the vehicle's own tank)? ☐ Yes ☒ No ☐ Unknown

Did HAZMAT Regulations violation contribute to the crash? ☐ Yes ☒ No ☐ Unknown

Did Motor Carrier Safety Regulations (MCS) violation contribute to the crash? ☒ Yes ☐ No ☐ Unknown

Was a Driver/Vehicle Examination Report form completed?
HAZMAT ☐ Yes ☒ No ☐ Unk Out of Service? ☐ Yes ☒ No
MCS ☐ Yes ☒ No ☐ Unk Out of Service? ☐ Yes ☒ No
Form No. ______

IDOT PERMIT NO. ______ WIDE LOAD? ☐ Yes ☒ No

TRAILER WIDTH(S): 0-96" 97-102" >102"
TRAILER 1 ☒ ☐ ☐
TRAILER 2 ☐ ☐ ☐

TRAILER LENGTH(S): 1 48 ft TRAILER 2 ______ ft

TOTAL VEHICLE LENGTH 74 ft NO. OF AXLES 5

CRASH LOCATION: ☒ CITY OF OR ☐ NEAREST CITY
____ MILES N E S W OR Gurnee
CIRCLE ONE CITY NAME

SELECT CODES FROM BACK COVER OF CRASH BOOKLET:
VEHICLE CONFIGURATION 6
CARGO BODY TYPE 7 LOAD TYPE 5

EXHIBIT A
pp. 2-2

fax 847 623 5046

Jan 29 2008 10:04PM Five Seasons Group 847-815-8595 p.1

**ACE MOTORS INC.**
**1580 S.MILWAUKEE AVE. LIBERTYVILLE IL 60048**
**TEL: 847-918-8900 FAX: 847-918-8999**

**TOTAL TRANSPORT**
TEL: 773-727-2349
FAX: 708-806-4354

Ali (Haint)
708 407 4007

***PICK UP LOCATION:***
**FIVE SEASONS GROUP INC**
**3650 WASHINGTON STR**
**GURNEE IL 60031**
**Tel: 224-715-5915**

| | | |
|---|---|---|
| MERZ | E320 | 381288 |
| MERZ | ML350 | 002145 |
| HUMMER | H2 | 118400 |
| BMW | X5 | U44514 |
| BMW | X5 | V10889 |

***DELIVER TO:***
**SCH GLOBAL INC**
**720 W.EDGAR RD/US 1&9 NORTH BOUND**
**LINDEN NJ 07036**
**TEL: 732-324-0080**

| | | |
|---|---|---|
| LEXUS | LX470 | 12333 |
| TOYOTA | LANDCRUISER | 90235 |
| LEXUS | LX470 | 513045 |
| LEXUS | RX300 | 105141 |

***DELIVER TO:***
**UNITRANS PRA**
**533 FAIRMOUNT AVE.**
**ELIZABETH NJ 07201**
**TEL: 908-659-0577**

**$1800.00 - CHECK SEND OUT BY DHL GROUND**

**PICK UP DATE: 01/29/07**

**PLEASE, SIGN AND FAX ME BACK** [signature]

**REGARDS, MASHA**

Mail Check To:
Nov 8
18160 Goesel Dr,
Tinley Park, IL 60487-8667

EXHIBIT B