ORIGINAL

IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 2 2 2008
JUL 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ACE MOTORS INC.,　　　　　　　　　　)
an Illinois corporation,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　vs.　　　　　　　　　　　　　　 )　　CASE NO: 08 CV 1552
　　　　　　　　　　　　　　　　　　)　　JUDGE MAROVICH
TOTAL TRANSPORT, INC.,　　　　　　 )
an Illinois corporation,　　　　　　)
ERIC R. DUGHETTI, HANI ELAYAN and 　)
YOUSEF M. ABUALROB,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants,　　　　　 )

### ANSWER TO COMPLAINT

Now Come the Defendants, TOTAL TRANSPORTATION (sued herein as TOTAL TRANSPORT, INC.), ERIC R. DUGHETTI, HANI ELAYYAN and YOUSEF ABUALROB, by their attorney, MICHAEL R. KUZEL, and as and for their Answer to the Plaintiff's Complaint, state as follows:

### A. JURISDICTION

1. They admit the applicability of the Carmack Amendment, 49 USC §14706 to the crash alleged in the Complaint but have insufficient knowledge or information as to the applicability of the Carmack Amendment to all of the damages claimed and can neither admit or deny those allegations but demand strict proof thereof. They specifically deny that 49 USCA §11706 and §11707 are applicable to plaintiff's cause.

2. They admit the applicability of the Carmack Amendment to the crash alleged in the Complaint but have insufficient knowledge or information as to the applicability of the Carmack Amendment to all of the damages claimed and can neither admit or deny those allegations but demand strict proof thereof.

3. They admit that the Defendant, TOTAL TRANSPORTATION (sued herein as "TOTAL TRANSPORT, INC.,) was and is a corporation and was on January 29, 2008 doing business in the State of Illinois; that the

Defendant, HANI ELAYYAN, is a principal of the corporation, and that the Defendants, YOUSEF M. ABUALROB and ERIC R. DUGHETTI, were on January 29, 2008 acting as agents or employees of the corporation. The remaining allegations of Paragraph 3 are denied.

    4.   They admit each and every allegation of Paragraph 4.

    5.   They admit that the matter in controversy exceeds $10,000.00, exclusive of interest and costs but have insufficient knowledge or information as to the applicability of the Carmack Amendment to all of the damages claimed and can neither admit or deny those allegations but demand strict proof thereof.

### B. PARTIES

    6.   They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 6 and can neither admit or deny those allegations but demand strict proof thereof.

    7.   They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 7 and can neither admit or deny those allegations but demands strict proof thereof.

    8.   They admit the allegations of Paragraph 8 except as hereinafter stated: they have insufficient knowledge or information with which to form a belief that said corporation is a "carrier" as defined in 49 USCA §13102 and can neither admit or deny that allegation but demand strict proof.

    9.   The Defendant, HANI ELAYYAN, admits the allegations of Paragraph 9 except as hereinafter stated: He denies that he was and is engaged in said business other than in a representative capacity as a principal of the corporation.

    10.   He denies the allegations of Paragraph 10.

    11.   He denies the allegations of Paragraph 11.

    12.   He denies the allegations of Paragraph 12.

    13.   He admits the allegations of Paragraph 13.

    14.   He admits the allegations of Paragraph 14.

    15.   He admits that he was operating the identified vehicle on the date at the time alleged, but denies the remaining allegations.

16. He admits the Crash but denies that any act or omission on his part resulted in any damage to Plaintiff.

### C. STATEMENT OF CLAIM

17. The Defendants repeat and reallege their answers to Paragraphs 1-16 of the preceding sections of the Complaint as and for their Answers to Paragraph 17 as realleged.

18. They admit that at some time prior to January 29, 2008 the Plaintiff retained the Defendant, TOTAL TRANSPORTATION to pick up and transport 9 vehicle to New Jersey. They deny the remaining allegations.

19. They deny each and every allegation of Paragraph 19 except as hereinafter stated. They admit that on January 28, 2008 the Defendant, TOTAL TRANSPORTATION, picked up nine (9) vehicles from Five Seasons Group Inc., Gurnee Illinois where the vehicles were loaded with the assistance of Five Seasons Group, Inc.

20. They admit the allegations of Paragraph 20.

21. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 21 and can neither admit or deny those allegations but demand strict proof thereof.

22. They deny each and every allegation of Paragraph 22 except as hereinafter stated. They admit that on January 29, 2008 the transport vehicle of TOTAL TRANSPORTATION was involved in a crash which resulted in damage to certain vehicles in its cargo.

23. They admit the allegations of Paragraph 23.

24. They admit the allegations of Paragraph 24.

25. They have insufficient knowledge or information with which to form a belief as to the truth or accuracy of the allegations in Paragraph 25, and can neither admit or deny those allegations but demand strict proof thereof.

26. They deny each and every allegation of Paragraph 26.

27. They deny each and every allegation of Paragraph 27.

28. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 6 and can neither admit or deny those allegations but demands strict proof thereof.

29. They admit the allegations of Paragraph 29.

30. They have insufficient knowledge or information with which to form a belief as to the truth or accuracy of the allegation in Paragraph 30 and can neither admit or deny those allegations but demand strict proof thereof.

31. They deny each and every allegation of Paragraph 31.

32. They admit the allegations of Paragraph 32.

33. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 33 and can neither admit or deny those allegations but demand strict proof thereof.

34. They deny the allegations of Paragraph 34.

35. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 35 and can neither admit or deny those allegations but demand strict proof thereof.

36. They deny the allegations of Paragraph 36.

37. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 37 and can neither admit or deny those allegations but demand strict proof thereof.

38. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 38 and can neither admit or deny those allegations but demand strict proof thereof.

39. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 39 and can neither admit or deny those allegations but demand strict proof thereof.

40. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 40 and can neither admit or deny those allegations but demand strict proof thereof.

41. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 41

and can neither admit or deny those allegations but demand strict proof thereof.

## COUNT I

42. The Defendants repeat and reallege their answers to Paragraphs 1-41 inclusive of the proceeding sections as and for their answers to Paragraph 42 as though fully set forth.

43. The Defendant, TOTAL TRANSPORTION, admits that on January 29, 2008 it accepted custody and control of nine (9) vehicles from Five Seasons Group, Inc to be shipped to New Jersey. It denies the remaining allegations.

44. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 44 and can neither admit or deny those allegations but demands strict proof thereof.

45. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 45 and can neither admit or deny those allegations but demand strict proof thereof.

46. They deny each and every allegation of Paragraph 46.

47. They deny the allegations of Paragraph 47.

48. They deny the allegations of Paragraph 48.

49. They admits that as a result of the crash referred to in Report No. 8403203 certain vehicles of its cargo were damaged. They deny the remaining allegations.

50. They deny the allegations of Paragraph 50.

51. They deny the allegations of Paragraph 51.

52. They deny the allegations of Paragraph 52.

## COUNT II

53. The Defendants repeat and reallege their answers to Paragraphs 1-52, inclusive, of the preceding sections as and for their answers to Paragraph 53 of Count II.

54. It denies the allegations of Paragraph 54 and avers it properly discharged all duties imposed by law.

55. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 55

and can neither admit or deny those allegations but demands strict proof thereof.

56. It denies the allegations of Paragraph 54 and avers it properly discharged all duties imposed by law.

57. They deny the allegations of Paragraph 57 and aver that YOUSEF M. ABDUALROB, a relative, was hired as a properly licensed operator.

58. They deny the allegations of Paragraph 58.

59. They have insufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 59 and can neither admit or deny those allegations but demands strict proof thereof.

60. They deny the allegations of Paragraph 60.

61. They deny each and every allegation of Paragraph 61.

62. They deny the allegations of Paragraph 62.

63. They deny the allegations of Paragraph 63.

64. They deny the allegations of Paragraph 64.

65. They deny the allegations of Paragraph 65.

66. They deny the allegations of Paragraph 66.

67. They deny the allegations of Paragraph 67.

**WHEREFORE** the Defendants pray for Dismissal of Count II of the Plaintiff's Complaint with all costs taxed to Plaintiff.

Very truly yours,
MICHAEL R. KUZEL, LTD.

By: Michael R. Kuzel

MRK/tmp
Enclosure

STATE OF ILLINOIS    )
                     )
COUNTY OF C O O K    )

### PROOF OF SERVICE BY MAIL

I, MICHAEL R. KUZEL, one of the attorneys for the Defendants herein, certify that I served the foregoing document by mailing a copy to:

> GOROKHOVSKY LAW OFFICE, LLC.
> 6045 NORTH GREEN BAY AVENUE, SUITE 2A
> GLENDALE, WISCONSIN 53209

depositing same in the U.S. mail at 3701 Commercial Avenue, Suite 5, Northbrook, Illinois, at 5:00 p.m. on __7/22__ 2008, with proper postage prepaid.

_____
MICHAEL R. KUZEL