UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ACE MOTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 1552 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| TOTAL TRANSPORT, INC., | ) | |
| ERIC R. DUGHETTI, HANI ELAYYAN, | ) | |
| and YOUSEF M. ABUALROB, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Intervener Ermek Abdildaev ("Abdildaev") filed a four-count complaint against plaintiff Ace Motors, Inc. ("Ace Motors") and defendants Total Transport, Inc. ("Total Transport"), Eric R. Dughetti ("Dughetti"), Hani Elayyan ("Elayyan") and Yousef M. Abualrob ("Abualrob"). Before the Court are two motions to dismiss intervener's complaint. One motion was filed by plaintiff Ace Motors, and the other motion was filed by defendants Total Transport, Dughetti, Elayyan and Abualrob. For the reasons set forth below, the Court grants in part and denies in part the motions to dismiss.

**I.      Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in Intervener's complaint. The Court also considers the documents Intervener attached to his complaint. *See* Fed.R.Civ.P. 10(c).

Intervener Abdildaev decided to ship three vehicles he owned to Krygyzstan, where they were to be sold. He hired plaintiff Ace Motors[1] to ship the 2006 Lexus, the 2000 Toyota Landcruiser and the 1996 Mercedes. Intervener paid Ace Motors $1,100.00 and received an invoice. Intervener did not receive a bill of lading from Ace Motors.

Ace Motors, in turn, hired Total Transport to ship Abdildaev's three vehicles and six others overseas. Intervener alleges that Ace Motors did not receive a bill of lading from Total Transport. Total Transport took possession of the vehicles, and before the truck carrying the vehicles had left the State of Illinois, the truck was involved in an accident. Approximately two days after the accident, Ace Motors' president telephoned Abdildaev to tell him that two of his three vehicles were destroyed in the accident. Abdildaev had paid $61,000.00 for the destroyed vehicles.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed

---

[1] Ace Motors was doing business as Five Seasons, but we refer to the entity as Ace Motors for simplicity.

factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

**III.   Discussion**

    **A.   Intervener's Carmack Amendment Claim**

In Count I, intervener asserts a claim against plaintiff and defendants under the Carmack Amendment.

The Carmack Amendment governs "liability of a common carrier to a shipper for loss of, or damage to, interstate shipment." *North American Van Lines, Inc. v. Pinkerton Security Systems, Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Prior to the passage of the Carmack Amendment, common carriers faced a patchwork of state regulation. The Carmack Amendment "created a nationally uniform rule of carrier liability concerning interstate shipments." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (quoting *North American Van Lines*, 89 F.3d at 454).

Plaintiff Ace Motors and defendants move to dismiss Intervener's Count I for the same reason. They argue that intervener failed to comply with a notice requirement set out in § 14706(e) of the Carmack Amendment. The movants misunderstand the Carmack Amendment.

The Carmack Amendment, itself, "neither requires written claims nor imposes any other restrictions on the form of notice." *See Wisconsin Packing Co., Inc. v. Indiana Refrig'r Lines, Inc.*, 618 F.2d 441, 444 (7th Cir. 1980). Instead, the Carmack Amendment restricts a carrier's ability to limit a shipper's right to make a claim. Specifically, the Carmack Amendment provides:

> A *carrier may not* provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section."

49 U.S.C. § 14706(e)(1) (emphasis added). The Court does not read that as a deadline imposed by the Carmack Amendment but rather as a limit to the carrier's ability to impose by contract a deadline or notice requirement. If the carrier had contracted with the shipper for a notice requirement or deadline for filing a complaint, then such deadline would be enforceable (within the limits of § 14706(e)(1)). *See Wisconsin Packing*, 618 F.2d at 444 ("The Supreme Court has indicated that a bill of lading requirement that claims be made 'in writing' within a specified period of time will be enforced."). The problem with movants' argument, however, is that such a deadline or notice requirement should be set out in the bill of lading or some other contract in order to bind the shipper. *See Lumbermens Mutual Casualty Co. v. GES Exposition Serv., Inc.*, 303 F. Supp.2d 920, 922 (N.D. Ill. 2003). Intervener has, however, specifically alleged that he did not receive a bill of lading. Furthermore, intervener need not plead around movants' affirmative defenses. *Lewis v. City of Chi.*, 528 F.3d 488, 494 (7th Cir. 2008).

Although the issue may come out differently at the summary judgment stage, this is a motion to dismiss. The Court denies movants' motions to dismiss as to Count I.

### B. Plaintiff's state law claims.

In Count II, intervener asserts a claim against plaintiff Ace Motors for breach of contract. Intervener asserts that Ace Motors breached the contract by failing to deliver the vehicles to Krygyzstan, thereby damaging intervener in the amount of $61,000.00. In Count III, intervener asserts that Ace Motors negligently caused the destruction of intervener's vehicles, thereby causing damage to intervener in the amount of $61,000.00. Finally, in Count IV, intervener asserts that defendants Total Transport, Dughetti, Elayyan and Abualrob negligently caused the destruction of intervener's vehicle, thereby causing him damage in the amount of $61,000.00.

Ace Motors and the defendants move to dismiss Counts II, III and IV, respectively, on the grounds that those claims are preempted by the Carmack Amendment. The Court agrees.

In its attempt to ensure national uniformity via the Carmack Amendment, Congress preempted "state causes of action against carriers for damaged or lost goods." *REI Transport*, 519 F.3d at 697. In *REI Transport*, the Seventh Circuit explained that the Carmack Amendment preempts only those state and common law remedies that are inconsistent with the Carmack Amendment. *Id.* at 698. The Seventh Circuit explained:

> Congress regulated the field of interstate carrier liability to provide a uniform cause of action against carriers. But it did not preempt every claim related to damaged or lost goods. For example, if a shipper withholds a greater amount than what it was owed for damaged goods, a carrier could seek legal recourse for the difference or, as with carrier liability, the shipper may be liable for other 'independently actionable harms that are distinct from the loss of, or the damage to, the goods.' Accordingly, claims that do not affect a carrier's liability for lost or damaged goods–such as a suit by a carrier against a 'person entitled to recover' for non-payment–do not upend the uniformity effected by the Carmack Amendment and are therefore not preempted.

*REI Transport*, 519 F.3d at 698 (quoting *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997)).

In this case, it is clear that intervener's claims for breach of contract and negligence are preempted by the Carmack Amendment. In Counts II, III, and IV, intervener seeks a remedy for damage to the vehicles that occurred during shipment. The amount of damages intervener seeks for those claims is the same amount he alleges as the value of the damaged vehicles. It is clear that intervener's claims for breach of contract and negligence are preempted by the Carmack Amendment.

The Court grants movants' motions to dismiss as to Counts II, III and IV. Counts II, III and IV of intervener's complaint are hereby dismissed with prejudice.

## IV. Conclusion

For the reasons set out above, the Court grants in part and denies in part plaintiff's motion to dismiss. The Court grants in part and denies in part defendants' motion to dismiss. Counts II, III and IV are dismissed with prejudice.

ENTER:

/s/ George M. Marovich

George M. Marovich
United States District Judge

DATED: July 10, 2009