UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACE MOTORS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 08 C 1552 |
| v. | ) |
| | ) Judge George M. Marovich |
| TOTAL TRANSPORT, INC., | ) |
| ERIC R. DUGHETTI, HANI ELAYYAN, | ) |
| and YOUSEF M. ABUALROB, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

After the destruction of several motor vehicles, plaintiff Ace Motors, Inc. ("Ace") filed suit against defendants Total Transport, Inc. ("Total Transport"), Eric R. Dughetti ("Dughetti"), Hani Elayyan ("Elayyan") and Yousef M. Abualrob ("Abualrob"). Plaintiff moves for summary judgment on its Carmack Amendment claim against defendants. In addition, intervener Ermek Abdildaev ("Abdildaev"), who owned two of the destroyed vehicles, filed claims against Ace Motors and Total Transport. Intervener filed two motions for summary judgment on his Carmack Amendment claims–one motion against plaintiff Ace Motors and one motion against defendant Total Transport. For the reasons set forth below, the Court grants in part and denies in part the motions for summary judgment.

**I.     Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts

are disputed. Here, Ace mentioned facts related to damages in its brief but failed to include them in its statement of facts. Those facts are not considered by the Court.

Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. Here, Total Transport failed to file responses to Ace's and Abdildaev's statements of facts and Abdildaev failed to respond to Ace's statement of facts. The Court does not deem every fact put forth admitted; rather, the Court carefully considers whether each asserted fact is supported by admissible evidence. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. At the summary judgment stage, it does not suffice to rely on complaint allegations. Nor is it enough for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth *admissible* evidence of his or its version of the fact.

The facts in this case are sparse, like the parties' submissions. Because different facts were asserted with respect to each motion, the Court has divided the facts into three sections. The listed facts are undisputed unless otherwise noted.

### A. Facts relevant to Ace's motion against defendants

During the relevant time period, defendant Total Transport was a motor carrier within the definition of 49 U.S.C. § 13102. It was engaged in the business of freight forwarding. Defendant Elayyan was a shareholder and director of Total Transport.

On January 29, 2008, defendants accepted custody and control of nine vehicles that were to be shipped to New Jersey. Defendant Dughetti was responsible for securing the nine vehicles

onto a truck that would transport them to New Jersey.  Later that day, defendant Abualrob drove the truck on which the nine vehicles were loaded.  Abualrob collided the truck into a bridge in Gurnee, Illinois, thereby damaging or destroying the nine vehicles.  The local police issued Abualrob a citation.

> B.  **Facts relevant to Abdildaev's motion against defendants**

Defendant Total Transport is a motor carrier as that term is used by the Carmack Amendment.

In January 2008, Abdildaev hired Ace to transport three vehicles to Bishkek, Kyrgyzstan.  One of the vehicles was a 2006 Lexus LX470, VIN# 012333 (the "Lexus").  Another was a 2000 Toyota Landcruiser, VIN# 090235 (the "Toyota").  The vehicles were in good condition when Abdildaev left them with Ace.  Ace, in turn, hired Total Transport to transport the three vehicles (and six more of Ace's vehicles) to at least New Jersey.  When Total Transport took possession of the vehicles, the Lexus and the Toyota were in good condition.  Total Transport loaded the nine vehicles onto a truck.  The Lexus and the Toyota were destroyed when the driver of the truck carrying the vehicles crashed the truck into a bridge.

Abdildaev had paid $46,000.00 for the Lexus and spent $300 purchasing the Lexus.  He had paid $15,500.00 for the Toyota.  Abdildaev paid shipping costs of $1,100.00.  Abdildaev had expected to profit $2,500.00 from the sale of the Lexus and the Toyota.

> C.  **Facts relevant to Abdildaev's motion against Ace**

Plaintiff Ace is in the business of exporting automobiles from the United States.  Due to the large quantity of its business, Ace is able to negotiate favorable shipping and transportation rates.  In January 2008, Abdildaev asked Ace to combine his cargo of two vehicles with Ace's cargo in order to take advantage of Ace's negotiating power.  Ace is not a licensed freight forwarder.

In January 2008, Abdildaev entered a contract with Ace for the international shipment of two vehicles, the Lexus and the Toyota. Abdildaev had purchased the Lexus for $46,000.00 and had spent $300 purchasing the Lexus. He had paid $15,500.00 for the Toyota. Abdildaev had expected to profit $2,500.00 from the sale of the Lexus and the Toyota. Ace and Abdildaev dispute whether Abdildaev paid the $1,100.00 freight charge.

Ace, in turn, hired Total Transport to transport nine vehicles, including the Lexus and the Toyota to at least New Jersey. All nine vehicles were damaged and the Lexus and Toyota were destroyed when the truck carrying the nine vehicles collided with a bridge.

Someone at Ace informed Abdildaev about the accident. Ace and Abdildaev reached a verbal agreement to settle Abdildaev's claims for the damaged vehicles for $40,000.00. Abdildaev refused to sign the release. Notwithstanding his refusal to sign the release, Abdildaev continued to ship cargo via Ace without paying for it, thereby receiving shipping services worth $23,200.00.

## II. **Summary Judgment Standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a

verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III.     Discussion**

The Carmack Amendment governs "liability of a common carrier to a shipper for loss of, or damage to, interstate shipment." *North American Van Lines, Inc. v. Pinkerton Security Systems, Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Prior to the passage of the Carmack Amendment, common carriers faced a patchwork of state regulation. The Carmack Amendment "created a nationally uniform rule of carrier liability concerning interstate shipments." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (quoting *North American Van Lines*, 89 F.3d at 454). In its attempt to ensure national uniformity via the Carmack Amendment, Congress preempted "state causes of action against carriers for damaged or lost goods." *REI Transport*, 519 F.3d at 697.

The Carmack Amendment applies to cargo shipped by a "carrier" or a "freight forwarder" as defined by the Interstate Commerce Act. *See Mach Mold Inc. v. Clover Assoc.*, 383 F. Supp.2d 1015, 1029 (N.D. Ill. 2005). A carrier is "person providing commercial motor vehicle (as defined by section 31132) transportation for compensation." 49 U.S.C. §§ 13102(3) & (15). Transportation includes, "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. §13102(23). Both the initial carrier "and any other carrier that delivers the property" are liable to the shipper. 49 U.S.C. § 14706(a)(1). The point is to ease the burden to the shipper of determining where along the line the damage occurred. The Carmack Amendment allows either the initial carrier or the

delivering carrier, in turn, to seek apportionment "from the carrier over whose line or route the loss or injury occurred". 49 U.S.C. § 14706(b).

In order to make out a *prima facie* case under the Carmack Amendment, a shipper must show: "(1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages." *REI Transport*, 519 F.3d at 699 (quoting *American Nat'l Fire Ins. Co. v. Yellow Freight Sys.*, 325 F.3d 924, 929 (7th Cir. 2003)). If the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to "show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.* The excepted causes are "acts of God, the public enemy, the act of the shipper himself, public authority or the inherent vice or nature of the goods." *American Nat'l Fire Ins. v. Yellow Freight Sys.*, 325 F.3d 924, 930 (7th Cir. 2003).

The Carmack Amendment subjects the carrier to liability for "actual loss or injury to the property." 49 U.S.C. § 14706. The "ordinary" measure of damages is "the difference between the market value of the property in the condition in which it should have arrived at the place of destination and its market value in the condition in which, by reason of the fault of the carrier, it did arrive." *American Nat'l*, 325 F.3d at 932 (quoting *Gulf, Col. & Santa Fe Ry Co. v. Texas Packing Co.*, 244 U.S. 31, 37 (1917)). Under that ordinary measure, the shipper must still pay freight to the carrier and cannot recover the freight from the carrier as damages. *Id.* Where the shipment is a total loss, however, the measure of damages is based on the shipper's cost and can include freight. "The reason for including freight in the measure of damages when the shipper's cost (or the market value at the place of shipment) is employed as the starting point is that Carmack Amendment allows recovery of lost profits under the ordinary measure of damages.

When the shipper's costs are used, however, the profit is unknown. We can assume, however, that the shipper at least would have been able to recover in the market at the destination his freight, taxes, fees and insurance in addition to the price he paid for the commodity." *Id.* at 932-933.

 A. **Ace's motion for summary judgment against defendants**

Ace moves for summary judgment against defendants Total Transport, Dughetti, Elayyan and Abualrob on Ace's Carmack Amendment claim. Ace does not appear to be seeking summary judgment on any other claims.

Defendant Total Transport concedes that it is a carrier within the meaning of the Carmack Amendment. Ace does not attempt to argue that the remaining defendants are carriers or freight forwarders, so Ace's motion for summary judgment as to Dughetti, Elayyan and Abualrob is denied.

It is undisputed that Ace hired Total Transport to transport nine vehicles, which Ace tendered to Total Transport. It is undisputed that the vehicles were damaged or destroyed. Ace has failed, however, to put forth evidence of the amount of damages. (Ace described the damages in its brief, but it failed to include the facts in its statement of facts, thereby denying defendants an opportunity to dispute them. As explained above, facts not included in the statement of facts are ignored by the Court). It is undisputed, however, that Ace suffered some amount of damages. Accordingly, the Court concludes that Ace has, as a matter of law,

established his *prima facie* case under the Carmack Amendment. Total Transport has not attempted to show that the damages were caused by one of the excepted causes.[1]

For these reasons, plaintiff Ace is entitled to summary judgment against Total Transport on the merits of (though not as to damages for) his Carmack Amendment claim. Ace's motion [82] for summary judgment is granted in part and denied in part.

**B.    Abdildaev's motion for summary judgment against defendants**

Intervener Abdildaev moves for summary judgment against defendants Total Transport, Dughetti, Elayyan and Abualrob on Abdildaev's Carmack Amendment claim.

Defendant Total Transport concedes that it is a carrier within the meaning of the Carmack Amendment. Abdildaev, however, does not explain (legally or factually) why the other defendants are carriers or freight forwarders. Thus, his motion for summary judgment is denied as to defendants Dughetti, Elayyan and Abualrob.

The Court next considers whether Abdildaev has made out a *prima facie* case with respect to defendant Total Transport. Abdildaev has put forth undisputed evidence that the Lexus and the Toyota were delivered to Total Transport in good condition and that those vehicles were destroyed. Abdildaev has put forth undisputed evidence that his cost for the Lexus was $46,300.00 and that his cost for the Toyota was $15,500.00. Abdildaev has also shown that he paid $1,100.00 for freight costs. Thus, under the shipper's cost formula for measuring Carmack Amendment damages, Abdildaev has shown he was damaged in the amount of

---

[1] The Court notes that Total Transport does not argue that Ace is a shipper only with respect to seven of the nine vehicles or that Ace's claim with respect to the Lexus and the Toyota should be considered one for apportionment under 49 U.S.C. § 14706(b).

$62,900.00. Total Transport does not attempt to show that the damages were caused by an excepted cause.

For these reasons, Abdildaev is entitled to judgment as a matter of law against Total Transport on his Carmack Amendment claim. The Court hereby grants Abdildaev summary judgment against Total Transport on his Carmack Amendment claim in the amount of $62,900.00.[2] The Court grants in part and denies in part Abdildaev's motion [84] for summary judgment against defendants.

### C. Abdildaev's motion for summary judgment against Ace

Finally, intervener Abdildaev moves for summary judgment against Ace Motors on his Carmack Amendment claim.

The Court first considers whether Abdildaev has shown that Ace Motors was a carrier under the Carmack Amendment. A carrier is "person providing commercial motor vehicle (as defined by section 31132) transportation for compensation." 49 U.S.C. §§ 13102(3) & (15). Transportation includes, "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. §13102(23). Here, it is undisputed that Ace and Abdildaev entered into a contract for the international shipment of the Lexus and the Toyota. It is undisputed that Ace received the Lexus and the Toyota. It is undisputed that Ace turned around and hired Total Transport to transport the Lexus and the Toyota to New Jersey. Accordingly, it is clear as a matter of law that Ace provided

---

[2]Abdildaev has failed to explain why he thinks he is legally entitled to attorneys fees as part of his damages, and, therefore, Abdildaev's request is denied.

"transportation" by providing services related to the movement of the vehicles and by receiving the vehicles. Thus, Ace was a carrier within the meaning of the Carmack Amendment.

Next, the Court considers whether Abdildaev has made out a *prima facie* case under the Carmack Amendment. It is undisputed that Abdildaev provided the Lexus and Toyota to Ace in good condition. It is undisputed that the vehicles were destroyed before they reached their destination. Abdildaev has also put forth evidence of damages. Abdildaev has put forth evidence that the vehicles cost him $61,800.00. The parties dispute whether Abdildaev paid the freight charge of $1,100.00. Under the shipper-cost measure of Carmack Amendment damages, Abdildaev has shown he has suffered damages of at least $61,800.00.[3] Abdildaev has made out a *prima facie* case. Ace, for its part, has not bothered to show that the damages were caused by one of the exceptions to the Carmack Amendment.

Instead, Ace asserts that Abdildaev's Carmack Amendment claim is barred by Ace's affirmative defense of accord and satisfaction. The burden of proof on this affirmative defense rests with Ace. *See Laouini v. CLM Freight Lines, Inc.*, __ F.3d __, __, 2009 WL 2535818 at *2 (7th Cir. Aug. 20, 2009). The elements of the affirmative defense are: "(1) a *bona fide* dispute; (2) an unliquidated sum; (3) consideration; (4) a shared and mutual intent to compromise the claim; and (5) execution (or satisfaction) of the accord." *Sherman v. Rokacz*, 182 Ill.App.3d 1037, 1043 (First Dist. Ill. App. Ct. 1989). As the Illinois Appellate Court explained long ago:

> 'An agreement to do a thing in consideration of the settlement of a controversy or claim is not a satisfaction. It is the doing of the thing agreed upon that has that effect. As Mechem in his work on Sales, volume II page 678, section 806 says:

---

[3]Abdildaev has failed to explain why he thinks he is legally entitled to attorneys fees as part of his damages, and, therefore, Abdildaev's request is denied.

> 'It is not the second contract but the performance of it which discharges the original contract.''

Sherman, 182 Ill. App.3d at 1045 (quoting *Carriage Co. v. American and British Mfg. Co.*, 188 Ill.App. 634, 644-645 (1914)).

Here, Ace has put forth evidence that Abdildaev and Ace reached a verbal agreement to settle the dispute over the damaged cars for $40,000.00. By Ace's own account, Abdildaev never signed the agreement, and Ace never paid the $40,000.00. Instead, Ace provided services worth $23,200.00. By Ace's own account, then, Ace never "satisfied" the agreement by paying the $40,000.00. Thus, Ace has failed to put forth sufficient evidence from which a jury could conclude that Ace is entitled to prevail on its accord and satisfaction affirmative defense.

For these reasons, Abdildaev is entitled to judgment as a matter of law on his Carmack Amendment claim against Ace Motors in the amount of $68,800.00. The Court hereby grants Abdildaev summary judgment on his Carmack Amendment claim against Ace Motors in the amount of $68,800.00. Abdildaev's motion [89] for summary judgment is granted in part and denied in part.

Finally, the Court notes that while Ace Motors and Total Transport are both liable to Abdildaev under the Carmack Amendment, the Court does not see anything in the Carmack Amendment that would allow Abdildaev to recover his damages from both. Accordingly, the liability shall be joint and several as to the first $68,800.00. *See Jessica Howard Ltd. v. Norfolk Southern RR Co.*, 316 F.3d 165, 169 (2nd Cir. 2003) ("The Carmack Amendment permits the imposition of joint and several liability").

**IV.** **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part the motions for summary judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: December 1, 2009